IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| KIMBERLY JOHNSON<br><br>PLAINTIFF,<br>v.<br><br>EMORY HEALTHCARE, INC.<br><br>DEFENDANT. | Civil Action No. _____ |

**PLAINTIFF'S ORIGINAL**
**COMPLAINT AND JURY DEMAND**

Plaintiff, Kimberly Johnson, by and through her undersigned counsel, files this Complaint for retaliation and unlawful termination of employment in violation of 42 U.S.C. §2000e et. seq., and 42 U.S.C. §1981, against Defendant Emory Healthcare Inc., and alleges as follows:

PARTIES

1.

Plaintiff Kimberly W. Johnson ("Plaintiff") is a citizen and resident of the United States currently residing in Mississippi, United States.

2.

Defendant Emory Healthcare Inc. ("Defendant" or "Emory") is an Atlanta, Georgia-based healthcare organization, which is comprised of multiple hospitals. Emory may be served with process by serving its registered agent: Amy Adelman at 201 Dowman Drive, 101, Administration Building, Atlanta, GA 30322.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C.§ 1343(a)(4).

4.

This suit is authorized and instituted pursuant to the Civil Rights Act of 1866, the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. seq., Civil Rights Act of 1871 and 42 U.S.C §1981 ("Section 1981").

5.

Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 7, 2023. Plaintiff her EEOC charge on July 24, 2023. Plaintiff received her Notice of Rights to Sue on July 7, 2024. Hence, Plaintiff has exhausted her administrative remedies and timely brings this action.

6.

Plaintiff's claims for retaliation under 42 U.S.C. §1981 are timely filed within the four-year statute of limitations period set forth by 28 U.S.C. §1658.

7.

Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred within this district.

FACTUAL BACKGROUND

8.

Plaintiff is an African American female and a travel nurse by profession.

9.

At various points, in the past, Plaintiff had worked under temporary contracts with Defendant.

10.

On December 13, 2022, Plaintiff received a three-month contract from AMN Healthcare, a third-party staffing agency, to work with Emory as a travel registered nurse. The contract term was set from January 23, 2023, to April 22, 2023.

11.

In or around January 2023, prior to reporting to work, Morgan T.

Buckovich ("Buckovich") and Lauren Jones ("Jones"), both Assistant Nurse Managers, informed Plaintiff of new duties, including treating renal patients with peritoneal dialysis.

12.

In a subsequent telephone conversation, Plaintiff informed Buckovich that because the Defendant treated mostly African American patients, instructing her to administer peritoneal dialysis without proper training would be akin to treating those patients as guinea pigs.

13.

Additionally, Plaintiff informed Buckovich that she felt she was being placed in this position—to perform peritoneal dialysis without the requisite training—because she was an African American nurse and that Caucasian nurses where not held to the same high standards.

14.

Plaintiff informed Buckovich that according to medical literature, four months of training was required for proficiency in peritoneal dialysis.

15.

On January 20, 2023, Buckovich responded to Plaintiff's request for training by stating, "Thanks again for reaching out, we are happy to support your learning PD and ensure that you get appropriate training for this skill."

16.

Buckovich further stated, "I can support you completing one 12-hour orientation day on our unit on the Wednesday [January 25, 2023] that your contract starts."

17.

Plaintiff clarified that her contract was outlined to start on Monday, January 23, 2023. Buckovich replied that Plaintiff's contract would begin on Wednesday, January 25, 2023, and sent Plaintiff her detailed schedule.

18.

Despite her objections, Plaintiff agreed to proceed as instructed, and she and Buckovich agreed that Plaintiff could seek guidance from Buckovich if she had questions.

19.

On January 24, 2023, Jones called Plaintiff to inform her that Defendant had decided to end her contract.

## COUNT I
## RETALIATION IN VIOLATION OF TITLE VII

20.

Plaintiff re-alleges and incorporates by reference paragraphs 1 to 19 of this Complaint as though fully set forth herein.

21.

Plaintiff is an African American female and is therefore a member of a protected class under Title VII of the Civil Rights Act of 1964.

22.

Emory is an employer within the meaning of Title VII and is subject to its provisions.

23.

In mid-January 2023, Plaintiff expressed her good faith objections to disparate treatment she believed Emory subjected African American nurses in comparison to their similarly situated Caucasian peers.

24.

On January 24, 2023, shortly after Plaintiff engaged in protected activity, Defendant terminated her contract of employment.

25.

The temporal proximity between Plaintiff's complaint of discrimination and Defendant's decision to terminate her employment contract is very close.

.

COUNT II
RETALIATION IN VIOLATION OF 42 U.S.C. §1981

26.

Plaintiff re-alleges and incorporates by reference paragraphs 1 to 25 of this Complaint as though fully set forth herein.

27.

42 U.S.C. § 1981 prohibits race discrimination in the making and enforcing of contracts. It prohibits racial discrimination against whites as well as nonwhites.[1]

28.

Plaintiff is an African American female entitled to the same privileges as all persons within the territory United States as per 42 U.S.C. § 1981(a).

29.

The Supreme Court has held that retaliation claims for reporting a violation of a contract-related right under the statute are cognizable under Section 1981 despite the absence of specific statutory language.[2]

30.

Plaintiff is an African American woman entitled to the same privileges as all persons within the territory United States as per 42 U.S.C. § 1981(a).

---

[1] *McDonald v. Santa FeTrail Transp. Co.*, 427 U.S. 273, 295 (1976).
[2] *CBOCS West, Inc. v. Humphries*, 553 U.S.38 442 (2008).

31.

In mid-January 2023, Plaintiff expressed her good faith objections to disparate treatment she believed Emory subjected African American nurses in comparison to their similarly situated Caucasian peers.

32.

On January 24, 2023, shortly after Plaintiff engaged in protected activity, Defendant terminated her contract of employment.

33.

The temporal proximity between Plaintiff's complaint of discrimination and Defendant's decision to terminate her employment contract is very close.

34.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a trial by jury on all issues trial by a jury and respectfully requests the following relief:

1. Compensatory damages for lost wages, economic benefits of employment to Plaintiff in the amount to be determined by the trier of fact;
2. Compensation for emotional distress and humiliation;
3. Punitive damages to punish Defendant for its discriminatory actions;
4. Cost of litigation in this action and her reasonable attorney's fees;

5. Any other relief the Court deems just and proper.

Respectfully submitted this 5th day of September 2024.

**JESSE KELLY PC**
By:   /s/ Jesse L. Kelly
Jesse L. Kelly, Esq.
Georgia Bar No. 935869
355 Lenox Road Suite 1000
jesse@jkellypc.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 5.1, the undersigned, attaches this Certificate of Service

This 5th day of September 2024.

                                          **JESSE KELLY PC**

                                        */s/ Jesse Kelly*
                                        **Jesse L. Kelly**
                                        Ga Bar No. 935869
                                        3355 Lenox Rd. Suite 1000,
                                        Atlanta, GA 30326
                                        Phone: (678) 460-6801
                                        Fax: (678) 730-3443
                                        jesse@jkellypc.com